UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARIA MARTINEZ FIGARI,**

      **Plaintiff,**

v.                                                                                                  Case No: 6:16-cv-1612-orl-40GJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Maria Martinez Figari (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1. Claimant alleges a disability onset date of October 1, 2009. R. 52. Claimant argues that the Administrative Law Judge (the "ALJ") erred by 1) failing to indicate the weight she afforded various medical opinions; and 2) relying on the Vocational Expert's ("VE") testimony when the hypothetical posed to the VE did not accurately reflect Claimant's limitations. Doc. No. 18 at 18-25, 36-37. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

    **I.**    **STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838

(11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

**II.   ANALYSIS**

Claimant argues that the ALJ erred by 1) failing to indicate the weight she afforded various medical opinions; and 2) relying on the VE's testimony when the hypothetical posed to the VE did not accurately reflect Claimant's limitations. Doc. No. 18 at 18-25, 36-37.

**A.   Failure to indicate weight afforded medical opinions**

Claimant's first argument is that this case should be reversed because the ALJ failed to indicate the weight she gave to various medical opinions. Doc. No. 18 at 18-25. Claimant focuses specifically on the medical opinions of Kenia Rodriguez-Spengler, Psy.D.; Vasumathy Vasudevan, M.D.; and Diely Pichardo, M.D. *Id.*

In *Winschel v. Commissioner of Social Security*, the Eleventh Circuit held that whenever a doctor offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement

is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d 1176, 1178-79 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).

In discussing Dr. Spengler's opinion in her decision, the ALJ summarized some of Dr. Spengler's findings from her neuropsychological evaluation. R. 37. The ALJ noted the following in quoting Dr. Spengler's report:

> [I]t appears that little in the way of relevant and probative evidence can be gleaned from the results, as the claimant's performance was based on "questionable effort." In addition "her endorsement on a self-report measure of improbable symptomatology was elevated." In other words the claimant did not try her best and exaggerated her symptoms. As a result these "performances did not allow for further test administration or accurate interpretation of all of the tests that were administered."

R. 37-38. The ALJ continued:

> As a result of the claimant's "variable performance on effort measures" no neuropsychological diagnosis could be offered. In fact the report indicates that the claimant's performance on some scores was worse than persons with dementia and this is not consistent at all with the balance of the evidence of record. The undersigned concludes that this evidence does not support a finding of any greater degree of limitation other than as determined herein. The report clearly indicates that the results are not based on full effort and no diagnosis was, or could be, made.

R. 38 (quoting Dr. Spengler's report).

The ALJ accurately summarized Dr. Spengler's opinion. R. 37-38, 553-57.[1] For the reasons set forth in Dr. Spengler's opinion and then summarized in the ALJ's decision, the ALJ found Dr. Spengler's opinion offered little of evidentiary value. R. 37. The ALJ also accurately stated that Dr. Spengler's opinion contained no limitations beyond those in the ALJ's RFC finding. R. 38, 553-57. Even though the ALJ did not explicitly state the weight she afforded Dr.

---

[1] Claimant does not challenge the ALJ's interpretation of Dr. Spengler's report.

Spengler's opinion, this is harmless error because it is clear that she fully considered the opinion, found it of little value for the reasons stated, and nothing in Dr. Spengler's report contradicts the ALJ's decision. *See Laurey v. Comm'r of Soc. Sec.*, 632 F. App'x 978, 987 (11th Cir. 2015) (ALJ's failure to state weight given treatment notes was not reversible error where ALJ discussed the notes, "showing that the ALJ considered and gave weight to this medical evidence," and the ALJ's decision did not contradict the notes);[2] *Henry v. Barnhart*, 156 F. App'x 171, 174-75 (11th Cir. 2005) (finding that the ALJ did not err in weight given doctor's opinion where the ALJ failed to specifically state the weight given the opinion, but the ALJ did not dispute the doctor's diagnosis and properly rejected a portion of the opinion).

Claimant also argues that the ALJ erred in failing to specifically state the weight she afforded to Dr. Vasudevan's and Dr. Pichardo's opinions. Doc. No. 18 at 21-25. Claimant fails to demonstrate how this is reversible error, however. Claimant does not show how the opinions would alter the ALJ's decision. Dr. Vasudevan opined that Claimant's memory was adequate, her intellect was average, and her insight and judgment were "fair."[3] R. 457, 506, 510, 559. Thus, Dr. Vasudevan's opinion does not provide a basis for limiting Claimant's RFC further than the ALJ did.

In Dr. Pichardo's treatment notes, the doctor repeated Claimant's statement that her medication was causing significant sedation (but seemed to be working) and opined that Claimant's memory was "preserved," and she has chronic back pain due to degenerative disc disease. R. 546-47. The ALJ found Claimant's low back pain to be a severe impairment, R. 32, and the RFC accounted for this by being limited to sedentary work, R. 34. Claimant's report of

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.
[3] "Fair" means "sufficient but not ample." Merriam-Webster, https://www.merriam-webster.com/dictionary/fair (last visited July 12, 2017).

sedation is not a medical opinion. *See Winschel*, 631 F.3d at 1178-79 (a medical opinion is a doctor's statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions). The opinion that Claimant's memory was "preserved" does not indicate any limitation that should be included in her RFC. Thus, there is no indication that even if the ALJ assigned Dr. Pichardo's opinions great weight, such would alter the ALJ's decision.

The ALJ's decision did not contradict Dr. Vasudevan's and Dr. Pichardo's opinions. The undersigned finds that the failure to state the weight given to them is not reversible error.

### B.     Hypothetical posed to VE

Claimant's second argument is that the hypothetical the ALJ posed to the VE did not accurately reflect Claimant's limitations, and thus the ALJ erred in relying on the VE's testimony based on the hypothetical. Doc. No. 18 at 36-37. Claimant contends that the hypothetical was based on the RFC, and it is not clear that her "depression, fair insight, fair judgment, numbness in fingers and toes, paresthesia in upper extremity, back pain, and sedation from medications" were factored into the RFC. *Id.* at 37.

The ALJ found that Claimant's hypothyroidism with obesity, low back pain, and depression are severe impairments. R. 32. The ALJ also stated that she considered "all symptoms" in making her RFC finding. R. 34. This "statement[ is] enough to demonstrate that the ALJ considered all necessary evidence." *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951-52 (11th Cir. 2014). Based on Claimant's depression and mood swings, the ALJ determined that Claimant has moderate difficulties in social functioning. R. 33. At the hearing, the ALJ asked the VE to consider a hypothetical person "limited to occasional interaction with

others and that includes supervisors, co-workers, and the public." R. 71, 72. This limitation was incorporated into the RFC. R. 34. Limiting interaction with others accounts for a moderate difficulty in social functioning due to depression. *Washington v. Soc. Sec. Admin., Comm'r*, 503 F. App'x 881, 883 (11th Cir. 2013) ("The ALJ took account of [the claimant's] moderate limitations in social functioning by asking the VE a hypothetical question that included the restriction that [the claimant] was limited to jobs that involved only occasional interaction with the general public and coworkers . . . .").

      The hypothetical (and as discussed above, the RFC) took into account Claimant's back pain by limiting the work to sedentary work. R. 34, 71, 72. Additionally, having "fair" insight and judgment is not a limitation. *See supra* n. 3 at 4. Finally, the ALJ had no duty to incorporate Claimant's numbness in her fingers and toes, paresthesia in her upper extremity, and her sedation from medications into the hypothetical and the RFC. Claimant did not point to any limitations that these would impose on her ability to work. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (finding that ALJ did not err in excluding claimant's fatigue, insomnia, anxiety, and depression from hypothetical where they were alleviated by medication or not supported by the record, as the hypothetical only needs to include the claimant's impairments, "not each and every symptom of the claimant."); *Hearn v. Comm'r, Soc. Sec. Admin.*, 619 F. App'x 892, 896 (11th Cir. 2015) (citing *Ingram* and finding ALJ did not err in excluding alleged paranoia and inability to work from hypothetical); *Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 137 (11th Cir. 2009) ("[T]he record did not include any functional limitations caused by this disorder, and, therefore, we conclude that the ALJ did not have to include this diagnosis in his hypotheticals.").

### III. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **AFFIRMED**; and

2. The Clerk be directed to enter judgment for the Commissioner and close the case.

The parties have fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on July 24, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies to:

Shea A. Fugate, Esq.
Law Offices of Shea A. Fugate
P.O. Box 940989
Maitland, FL 32794

W. Stephen Muldrow
Acting United States Attorney
John F. Rudy, III
Assistant United States Attorney
Suite 3200
400 N. Tampa St.
Tampa, FL 33602

Mary Ann Sloan, Chief Counsel, Region IV
Susan K. Story, Acting Deputy Regional Chief Counsel
Jerome Albanese, Branch Chief
Dalton Windham, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303


The Honorable Denise Pasvantis
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Lawrence
500 East Broward Boulevard
Suite 1000, 10th Floor
Ft. Lauderdale, FL 33394